UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK E. MAJOR,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 15-cv-03426-KAW

**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION TO APPOINT COUNSEL**

Re: Dkt. No. 22, 24

Plaintiff Mark E. Major, acting pro se, commenced this case on July 24, 2015.[1] (Compl., Dkt. No. 1.) On August 6, 2015, the Court dismissed his complaint with leave to amend because it did not provide "a short and plain statement of the claim showing that the pleader is entitled to relief." (Aug. 5, 2015 Order, Dkt. No. 5 (quoting Fed. R. Civ. P. 8(a)(2).) The original complaint was over 155 pages long and included an additional 50 pages of exhibits. (*See id.* at 2.)

On November 6, 2015, the Court dismissed Plaintiff's amended complaint for the same reason. The amended complaint was over 130 pages long and included over 50 pages of exhibits. (Am. Compl., Dkt. No. 11.)

On December 7, 2015, Plaintiff again filed an amended complaint that resembles the prior iterations of his complaint. (2d Am. Compl., Dkt. No. 24.) The complaint does not provide a short and plain statement showing that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff strings together 90 pages of rambling, repetitive, and sometimes incoherent allegations, making it difficult to discern which particular defendant engaged in the particular conduct that gives rise to any of the 34 causes of action asserted in the complaint.

---

[1] On August 13, 2015, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Pl.'s Consent, Dkt. No. 7.

Accordingly, Plaintiff's current complaint is DISMISSED WITH LEAVE TO AMEND. Within 30 days of this order, Plaintiff shall file an amended complaint that complies with Rule 8(a)'s requirement of a "short and plain" statement of the claim and the pertinent facts showing that Plaintiff is entitled to relief. Plaintiff shall specifically (1) identify the legal and factual basis for each cause of action, (2) identify which causes of action are brought against which defendants, and (3) provide a specific statement of how each defendant engaged in the conduct that is the basis for the claims asserted against him. Plaintiff is on notice that if he fails to file a complaint that conforms with this order, the Court may dismiss this case with prejudice. For this reason, though Plaintiff indicates that he has already contacted the Federal Pro Bono Project, the Court strongly encourages Plaintiff to schedule another appointment prior to filing his complaint. Additionally, if Plaintiff requires more than 30 days to file a proper complaint, he may file a motion for an extension of time.

Plaintiff's motion for appointment of counsel, filed on December 23, 2015, is also DENIED. In general, there is no right to appointed counsel in a civil action. *See United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). But the court, in its discretion, may appoint counsel under 28 U.S.C. § 1915(e)(1) if it finds that there are "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved in the case. *Id.*

Plaintiff's belief that his case is exceptional is insufficient, and at this stage, the Court does not find that the circumstances warrant appointment of counsel. Depending on how this case progresses, Plaintiff may file a renewed motion at a later date if he can satisfy the legal standard discussed above.

///

///

///

///

2

1    The case management conference currently scheduled for January 26, 2016 is
2    CONTINUED to April 5, 2016.
3    **IT IS SO ORDERED.**
4    Dated: 01/21/16

_____
KANDIS A. WESTMORE
United States Magistrate Judge