UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E MAJOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 15-cv-03426-KAW<br><br>**ORDER REVOKING IN FORMA PAUPERIS STATUS**<br><br>Dkt. No. 128 |

On July 24, 2015, Plaintiff Mark E. Major brought the instant case, alleging that he was the target of a "campaign of retribution." (Compl. ¶ 1, Dkt. No. 1.) Plaintiff also moved for leave to proceed in forma pauperis. (Dkt. No. 2.) On August 14, 2015, the Court permitted Plaintiff to proceed in forma pauperis, but dismissed the case because Plaintiff had "failed to provide 'a short and plain statement of the claim showing that the pleader is entitled to relief'," as required by Federal Rule of Civil Procedure 8(a)(2). (Dkt. No. 5 (quoting Fed. R. Civ. P. 8(a)(2)).)

On September 24, 2015, Plaintiff filed his first amended complaint. (First Amended Compl., Dkt. No. 13.) On November 6, 2015, the Court again dismissed the case for failure to comply with Rule 8(a)(2).

On December 7, 2015, Plaintiff filed his second amended complaint. (Second Amended Compl. ("SAC"), Dkt. No. 22.) The Court again dismissed the case for failure to comply with Rule 8(a)(2), finding that "Plaintiff strings together 90 pages of rambling, repetitive, and sometimes incoherent allegations, making it difficult to discern which particular defendant engaged in the particular conduct that gives rise to any of the 34 causes of action asserted in the complaint." (Dkt. No. 26 at 1.)

On May 14, 2016, Plaintiff filed his third amended complaint. (Third Amended Compl.

("TAC"), Dkt. No. 30.) On June 16, 2016, the Court permitted service of the complaint. (Dkt. No. 35.)

After Defendants were served, the parties twice stipulated to Plaintiff filing a fourth amended complaint.[1] On June 18, 2017, Plaintiff filed the instant complaint against Defendants City and County of San Francisco ("City") and Weggenman, asserting nine causes of action: (1) 42 U.S.C. § 1983 custom or usage claim (the City); (2) 42 U.S.C. § 1983 substantive due process claim (City); (3) 42 U.S.C. § 1983 procedural due process claim (City); (4) 42 U.S.C. § 1983 equal protection claim (all Defendants); (5) 42 U.S.C. § 1983 and § 2000bb First Amendment Claim (City); (6) 42 U.S.C. § 1983 deliberate indifference - ratification claim (City); (7) 42 U.S.C. § 1983 deliberate indifference - failure to train claim (City); (8) 42 U.S.C. § 1983 *Monell* supervisory negligence claim (all Defendants); and (9) 42 U.S.C. § 1983 outrage and intentional emotional distress claim (all Defendants). (FAC ¶¶ 148-236.) Defendants then moved to dismiss Plaintiff's complaint. (Dkt. No. 106.) After Plaintiff filed a late opposition and unauthorized supplemental briefing, the Court dismissed Plaintiff's fourth amended complaint without leave to amend on October 5, 2017. (Dkt. No. 123.)

On October 8, 2017, Plaintiff appealed the dismissal order to the Ninth Circuit Court of Appeals. (Dkt. No. 125.) On October 19, 2017, the Ninth Circuit referred the case back to this Court for the limited purpose of determining whether Plaintiff's in forma pauperis status should continue for this appeal, or whether the appeal is frivolous or taken in bad faith. (Dkt. No. 128 (citing 28 U.S.C. § 1915(a)(3); *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous)).)

The Court dismissed Plaintiff's fourth amended complaint on the ground that Plaintiff

---

[1] The parties originally stipulated that Plaintiff would file a fourth amended complaint by December 30, 2016. (Dkt. No. 68.) Plaintiff failed to file his fourth amended complaint, instead filing requests for extensions of time or updates stating that he was unable to file his amended complaint due to being stalked. (Dkt. Nos. 74, 77, 80, 85.) After nearly four months had passed since the parties stipulated to the filing of a fourth amended complaint, the Court found that the case was unable to progress due to Plaintiff's delay, and ordered that the third amended complaint would be deemed the operative complaint. (Dkt. No. 87 at 2.) Subsequently, the parties again agreed to allow Plaintiff to file a fourth amended complaint. (Dkt. No. 99.)

2

failed to state a cognizable claim. Instead, for the most part, Plaintiff made conclusory allegations that Defendants were acting against plaintiff based on their disapproval of Plaintiff's sexual orientation, based on multiple actions by -- in many cases -- unidentified third-parties that had no apparent connection to the named Defendants. (*See* Dkt. No. 123 at 11, 13, 15, 18.) For example, with respect to Plaintiff's procedural due process claim, Plaintiff asserted that his locker was removed by a non-party, and that he was stalked by unidentified individuals in San Jose and Berkeley, without showing why these actions involved the named Defendants. (*Id.* at 13.) Similarly, Plaintiff asserted a First Amendment claim based on being forced to engage in conversion therapy by religiously malicious third parties, again without explaining how Defendants were responsible for the third parties. (*Id.* at 15.) Rather than respond to Defendants' motion to dismiss on the merits, Plaintiff's opposition to the motion to dismiss appeared to request that the Court sua sponte consider a conspiracy claim that was not pled in the operative complaint. (*Id.* at 11 n.3.) The Court further found that dismissal with prejudice was warranted because this was Plaintiff's fifth attempt to plead adequate claims. (*Id.* at 11.)

Plaintiff has repeatedly failed to plead adequate claims, despite being permitted to amend his complaint four times. The Court now certifies that the appeal is frivolous and REVOKES Plaintiff's in forma pauperis status on appeal in this action.

IT IS SO ORDERED.

Dated: October 25, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

3